IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Price Tucker, #53165-018           ) | C/A No. 8:16-18-RMG-JDA |
| )  | |
| Petitioner,           ) | |
| vs.                                                                    ) | **REPORT AND RECOMMENDATION** |
| ) | |
| United States of America; B.J. Meeks, Warden,) | |
| ) | |
| Respondents.           ) | |
| _____ ) | |

Richard Price Tucker ("Petitioner"), proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner is a federal prisoner incarcerated at FCI Williamsburg in Salters, South Carolina. He contends that his guilty plea is unconstitutional based on a recent Supreme Court decision. The Petition should be summarily dismissed.

## **BACKGROUND**

Petitioner alleges the following. He pled guilty in the United States District Court for the Middle District of Florida, Case 3:09-cr-372-MMH-JRK-1, to "conspiring to manufacture and distribute 50 grams or more of a mixture or substance containing methamphetamines a Schedule II Controlled Substance," in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(A) and 21 U.S.C. § 846. [Doc. 1.] He was sentenced to 70 months imprisonment on January 31, 2011. [*Id.*; Doc. 1-1.] He did not file a direct appeal; he did file a motion pursuant to 28 U.S.C. § 2255, which was denied on or about February 25, 2015. [Doc. 1.]

In the instant habeas petition, Petitioner contends his guilty plea is now unconstitutional because the sentencing court failed to advise him of the elements under 21 U.S.C. §§ 841 and 846, as now required by *McFadden v. United States*, 135 S. Ct. 2298 (June 18, 2015). He seems to contend that *McFadden* announced a new rule of constitutional and/or substantive law made retroactive to cases on collateral review. [Doc.

1-1.] Petitioner alleges it is important that this Court understand 50 grams or more of methamphetamine "was never obtained by the government," and the case against him was based on a "case of sudafed" that he "never took possession of." [*Id.*] He seems to argue that sudafed is not a controlled substance, and therefore, the government could not obtain the sentence it sought to impose on him. [*Id.*]

Petitioner argues that: the government did not sustain its burden of proof of the elements of the crime; and his attorney provided ineffective assistance of counsel in violation of the Sixth Amendment. [*Id.*] His argument is that the only element proved by the government was a case of sudafed; thus, based on *McFadden*, his due process rights have been violated. [*Id.*] He contends that, as a result, his guilty plea is null and void. [*Id.*] Further, he argues his attorney "failed to obtain a specific determination of the actual quantity of controlled substance which is an element of the crime charged. . . ." [*Id.*]

It appears that Petitioner unsuccessfully filed a motion pursuant to 28 U.S.C. § 2255 in the sentencing court. *See* Order, *Tucker v. United States*, Case No. 3:09-cr-372-J-34JRK (M.D. Fla. Feb. 26, 2015), ECF No. 162; *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). The sentencing court found that Petitioner's motion was untimely and his argument that the court lacked subject matter jurisdiction lacked merit. *See* Order, *Tucker v. United States*, Case No. 3:09-cr-372-J-34JRK (M.D. Fla. Feb. 26, 2015), ECF No. 162. That court noted that Petitioner had pled guilty pursuant to a written plea agreement and did not challenge the voluntariness of his guilty plea. [*Id.*] The court also explained that

Petitioner received a 70-month sentence because the government moved for a reduction of his offense level based on his substantial assistance in the prosecution of another person involved in manufacturing methamphetamine. [*Id.*]

Petitioner filed another motion pursuant to § 2255 in the sentencing court on September 30, 2015, and it is currently pending. *See* Motion, *Tucker v. United States*, Case No. 3:09-cr-372-J-34JRK (M.D. Fla. Sept. 30, 2015), ECF No. 166. A review of that motion reveals that it is very similar to the brief filed in this Court. *See id.*

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**DISCUSSION**

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. *See In re Vial*, 115 F.3d at 1194 n.5; *see also Manigault v. Lamanna*, C/A No. 8:06-47-JFA-BHH, 2006 WL 1328780 at *1 (D.S.C. May 11, 2006) (A § 2241 petition generally challenges the execution or implementation of a federal prisoner's sentence, such as "parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers."). A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Rice*, 617 F.3d at 807.[1]

---

[1] "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

4

The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).

In this case, because Petitioner seeks to vacate his conviction and sentence, he cannot proceed in this Court unless the savings clause is satisfied. The *McFadden* decision is dated June 18, 2015, which is after Petitioner's first § 2255 motion was decided by the district court on February 26, 2015. However, the second prong of the savings clause is not satisfied.

From a review of *McFadden*, there is nothing to indicate that it changed the substantive law pertaining to Petitioner's conviction such that the conduct of which Petitioner was convicted is now deemed not to be criminal. The *McFadden* decision determined on a direct appeal the knowledge necessary for a conviction under § 841(a)(1) when the controlled substance at issue is an analogue, and it involved "bath salts." *See McFadden*, 135 S. Ct. at 2303. The jury instruction given to convict Mr. McFadden did not accurately convey the knowledge requirement,[2] so the Court remanded to the Court of

---

[2] The Supreme Court held, "[w]hen the substance is an analogue, that knowledge requirement is met if the defendant knew that the substance was controlled under the CSA or the Analogue Act, even if he did not know its identity. The knowledge requirement is also met if the defendant knew the specific features of the substance that make it a

5

Appeals to determine whether the error was harmless. *Id.* The Court explained that the "bath salts" were recreational drugs used to produce effects similar to those of cocaine, methamphetamine, and other controlled substances when ingested; they were white and off-white powders packaged in small plastic bags. *Id.*

In Petitioner's case, the plea agreement stated that Petitioner agreed that he participated in a conspiracy to manufacture 50 grams or more of methamphetamine; the government and Petitioner agreed that his base offense level would be established based on 94.06 grams of actual methamphetamine; and the factual basis noted that Petitioner helped with cooking methamphetamine and Sudafed was an ingredient. *See* Plea Agreement, Report and Recommendation Concerning Plea of Guilty, Acceptance of Plea of Guilty, *Tucker v. United States*, Case No. 3:09-cr-372-J-34JRK (M.D. Fla. June 2, 3, 30, 2010), ECF No. 91, 92, 97. Thus, Petitioner's contention in this Court that he was convicted based on possession of Sudafed is incorrect; he was convicted because he admitted to being a member of a conspiracy to cook methamphetamine, which is a controlled substance. And, Petitioner was not convicted with the use of a faulty jury instruction related to an analogue; he pled guilty. Therefore, Petitioner's attempt to vacate his guilty plea based on alleged new law in *McFadden* is misplaced. Accordingly, because Petitioner cannot satisfy the criteria to invoke § 2255's savings clause and proceed under § 2241, the instant Petition is subject to summary dismissal.

---

"'controlled substance analogue.'" *McFadden*, 135 S. Ct. at 2302 (citation omitted).

## **RECOMMENDATION**

It is recommended that the § 2241 Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return.  **Petitioner's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin

February 12, 2016                                      Jacquelyn D. Austin
Greenville, South Carolina               United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).